<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JEREMIAH MCKENZIE,** :  : **Plaintiff,** : : v. : : **A.A.F.E.S., et al.** : : **Defendants.** : | Civil Action No. 15-2529 (ES) (JAD)  **MEMORANDUM OPINION** |

**SALAS, DISTRICT JUDGE**

    1.    *Pro se* Plaintiff Jeremiah McKenzie sued the Army and Air Force Exchange Service ("AAFES") and several individuals associated with the AAFES, alleging that, while employed with the AAFES, he suffered bullying and workplace violence when his "coworkers would constantly make up stories that [he] was not doing [his] job and giving [him] a hard time." (D.E. No. 1 ("Compl.") at 5). Plaintiff further alleges that AAFES management and staff "made up a false story that he had guns, bombs [and] automatic weapons," and that these false statements caused him to lose his job and led to his arrest and ban from all military bases in Europe. (*Id.*).

    2.    Defendant United States of America[1] ("Defendant") moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure

---

[1]     By Court Order dated August 24, 2016, the Hon. Joseph A. Dickson, U.S.M.J., (i) substituted the United States of America as Defendant in place of named defendants John Sharp, Wendi Becker, Rachel Longoria, Jadi Rendulic, Gladelys Pabon, Ronald Lavallis, Marcus A. Culbreath, and Sara A. Roth (collectively, the "Individual Defendants); and (ii) dismissed all claims against the Individual Defendants. (*See* D.E. No. 21). This Court will also dismiss all claims against defendants Bradley Barnhart, Heidi Porter, and JH (Jean), as Plaintiff has failed to allege any claims against these defendants.

12(b)(1). (*See* D.E. No. 18-1 ("Def. Mov. Br.")). Plaintiff opposed Defendant's motion.² (*See* D.E. No. 23). For the reasons below, the Court GRANTS Defendant's motion and dismisses Plaintiff's Complaint *with prejudice*.

3. "It is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit." *United States v Bein*, 214 F.3d 408, 412 (3d Cir. 2000).³ The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for claims against the United States seeking monetary damages based on the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant." *See* 28 U.S.C. § 1346(b)(1).

4. Pursuant to the FTCA, a claimant seeking monetary damages may not file a tort claim against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a); *see also Medina v. City of Phila.*, 219 F. App'x 169, 172 (3d. Cir. 2007). In other words, the claimant must exhaust his or her administrative remedies with the appropriate federal agency before initiating suit. "The filing of an administrative claim with the appropriate agency

---

Furthermore, the Court notes that the United States of America is the only proper defendant in an action arising under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2679(a); *Dambach v. United States*, 211 F. App'x 105, 108 (3d Cir. 2006). Accordingly, the Court dismisses all claims against AAFES.

² Plaintiff's opposition comprises two single-spaced e-mails and various exhibits and thus violates Local Civil Rule 7.2. Nevertheless, the Court in its discretion accepts Plaintiff's opposition for purposes of deciding Defendant's motion. *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("Our policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.").

³ Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

is referred to as 'presentment.'" *Medina*, 219 F. App'x at 172. Under the FTCA, there is a two-year limit on presentment. *See* 28 U.S.C. § 2401(b). Finally, a plaintiff carries the burden of proof to establish presentment of his or her claim to the appropriate federal agency. *See Medina*, 219 F. App'x at 172.

5. The FTCA's presentment procedures are strictly construed. *See Livera v. First Nat'l State Bank of New Jersey*, 879 F.2d 1186, 1194-95 (3d Cir. 1989); *Medina*, 219 F. App'x at 172. And "[f]ailure to observe the requirements of the [FTCA] mandates dismissal." *See Peterson v. United States*, 694 F.2d 943, 945 n.5 (3d Cir. 1982). Accordingly, if a plaintiff commences a suit without first exhausting administrative remedies, his suit must be dismissed for lack of subject matter jurisdiction. *See McNeil v. United States*, 508 U.S. 106, 112-13 (1993); *see also Medina*, 219 F. App'x at 171-72 ("Because the FTCA permits suits against the Government by private parties, its presentment requirement and limitation periods are considered jurisdictional.").

6. Here, Plaintiff does not allege in his Complaint that he exhausted his administrative remedies, nor does he address this argument in his opposition. Furthermore, Defendant submitted a supporting declaration from Colonel Patrick J. Wells, Chief of the United States Air Force's Claims and Tort Litigation Division, setting forth various records searches and other procedures undertaken by Colonel Wells to determine whether Plaintiff ever presented an administrative tort claim to the Air Force.[4] (D.E. No. 18-2, Declaration of Colonel Patrick J. Wells ("Wells Decl.") at 1-2). Based on these searches, the Wells Declaration concludes that "there is no record indicating that a tort claim has ever been submitted to the Air Force or AAFES" by Plaintiff. (*Id.* at 2).

---

[4] According to the Wells Declaration, the Air Force is responsible for adjudicating administrative tort claims filed alleging negligence on the part of AAFES employees that occurs on Air Force installations. (*See* Wells Decl. at 1).

7. Based on the foregoing, the Court finds that Plaintiff has not met his burden of demonstrating compliance with the FTCA's presentment requirement. Consequently, Plaintiff's claims against Defendant must be dismissed.[5] *See Bender v. Hargrave*, No. 15-6936, 2015 WL 7574763, at *3 (D.N.J. Nov. 25, 2015) (granting motion to dismiss for lack of subject matter jurisdiction because plaintiff failed to exhaust administrative remedies).

8. Defendant additionally argues that Plaintiff's claims are barred by the FTCA's intentional-torts exception. (*See* Def. Mov. Br. at 8). Section 2680(h) of the FTCA provides an exception to the waiver of sovereign immunity for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . ." 28 U.S.C. § 2680(h); *see also Vanderklok v. United States*, 142 F. Supp. 3d 356, 360 (E.D. Pa. 2015). So, to the extent Plaintiff alleges claims covered by § 2680(h)—including, for example, claims for slander, libel, false arrest, or malicious prosecution—those claims are barred by the FTCA. *See, e.g.*, *Izzo v. U.S. Gov't*, 138 F. App'x 387, 389 (3d Cir. 2005) (affirming dismissal of defamation claim as barred by § 2680(h) of the FTCA).[6]

---

[5] To the extent Plaintiff's Complaint alleges claims for employment discrimination, those claims must also be dismissed. Pursuant to AAFES Operating Procedures and federal law, Plaintiff was required to initiate contact with an AAFES Equal Employment Opportunity counselor within forty-five days of the last discriminatory action. (*See* D.E. No. 18-3, Declaration of Carol Chandler ("Chandler Decl.") at 1-3); *see also German v. Pena*, 88 F. Supp. 2d 216, 218-20 (S.D.N.Y. 2000) (dismissing federal employee's discrimination claim where employee failed to initiate contact with EEO counselor within forty-five days of the alleged discrimination). Plaintiff does not allege that he ever initiated contact with an AAFES counselor, and Defendant's searches of AAFES records "revealed that [Plaintiff] has never initiated contact with an EEO counselor regarding his separation of employment effective February 14, 2013." (*See* Chandler Decl. ¶ 7).

[6] For completeness, the Court notes that Defendant advances a third argument: that Plaintiff's claims are barred by the FTCA's foreign-country exception. (Def. Mov. Br. at 9). Plaintiff does not address this argument in his opposition brief. Because the Court finds that Plaintiff's claims are barred for failure to exhaust administrative remedies and by virtue of the FTCA's intentional-torts exception, the Court declines to address this third argument.

9. For the foregoing reasons, Plaintiff's Complaint is dismissed *with prejudice*. An appropriate order follows.

<u>*s/Esther Salas*</u><br>
**Esther Salas, U.S.D.J.**